# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AARON PURNELL, | § | |
| | § | |
| Defendant Below, | § | No. 96, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1607019111 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: March 19, 2019
Decided: April 2, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)    On March 4, 2019, the appellant, Aaron Purnell, filed a notice of appeal from a Superior Court order dated and docketed on January 23, 2019 denying his motion for postconviction relief.  Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before February 22, 2019.

(2)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1]  The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[2]

(3)     On March 5, 2019, the Senior Court Clerk issued a notice directing Purnell to show cause why this appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Purnell attributes the untimeliness of his notice of appeal to his unfamiliarity with the legal system and to the fact that he is incarcerated in a maximum security unit at the James T. Vaughn Correctional Center.

(4)     Purnell's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal.  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  An appellant's *pro se*, incarcerated status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  Because the record

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] DEL. SUPR. CT. R. 10(a).
[4] *Mathis v. State*, 2018 WL 3060215 (Del. June 19, 2018) (citing *Smith v. State*, 47 A.3d 481 (Del. 2012)).

does not reflect that Purnell's failure to file a timely notice of appeal is attributable to court-related personnel, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice